David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Judd Hall*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDD HALL, <br><br> Plaintiff, <br><br> v. <br><br> CLARITY SERVICES, INC; 2233 PARADISE ROAD, LLC dba CASH FACTORY USA; FINWISE BANK; RISE CREDIT, <br><br> Defendants. | Civil Action No.: <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. This action also arises out of Cash Factory's, FinWise Bank's, and Rise Credit's violations of Nevada Revised Statutes Chapter 604A.010 *et seq.* ("NRS 604A"), and the harassment of Plaintiff by Cash Factory, FinWise

Bank, and Rise Credit in their illegal efforts to collect high-interest loans as defined under this Chapter.

4. Judd Hall ("Plaintiff"), by Plaintiff's attorneys, brings this action against 2233 Paradise Road, LLC dba Cash Factory ("Cash"), FinWise Bank ("FinWise"), Rise Credit ("Rise"), and Clarity Services, Inc ("Clarity") (together, "Defendants") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada; conduct business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendants are registered with the Nevada Secretary of State and have appointed registered agents in Nevada.

## PARTIES

7. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Cash is a corporation doing business in the State of Nevada with a principal place of business in Nevada.

9. Cash is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

10. Upon information and belief, in the course of its business Cash furnished credit information about Plaintiff to credit reporting agencies, including Clarity.

11. Cash is a "licensee" as that term is defined by NRS 604A.075.

12. Cash has, through its conduct in collecting a loan governed by NRS 604A, violated NRS 604A.5041.

13. FinWise is a corporation doing business in the State of Nevada with a principal place of business in Utah.

14. FinWise is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Upon information and belief, in the course of its business FinWise furnished credit information about Plaintiff to credit reporting agencies, including Clarity.

16. FinWise is a "licensee" as that term is defined by NRS 604A.075.

17. FinWise has, through its conduct in collecting a loan governed by NRS 604A, violated NRS 604A.5041.

18. Rise is a corporation doing business in the State of Nevada with a principal place of business in Texas.

19. Rise is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

20. Upon information and belief, in the course of its business Rise furnished credit information about Plaintiff to credit reporting agencies, including Clarity.

21. Rise is a "licensee" as that term is defined by NRS 604A.075.

22. Rise has, through its conduct in collecting a loan governed by NRS 604A, violated NRS 604A.5041.

23. NRS 604A.5041 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

24. Clarity regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Clarity is a "consumer

reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Florida.

25. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## GENERAL ALLEGATIONS

26. On or about December 26, 2019, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. § 1301 *et seq*. Plaintiff's case was assigned Case Number 19-18102-mkn (the "Bankruptcy").

27. On July 6, 2020, the Bankruptcy was converted to a case under Chapter 7 (11 U.S.C. § 701 *et seq*.).

28. On October 13, 2020, Plaintiff received a discharge in the Bankruptcy.

29. Neither Cash, FinWise, nor Rise filed any proceedings to declare any alleged debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

30. Neither Cash, FinWise, nor Rise obtained relief from the "automatic stay" pursuant to 11 U.S.C. § 362 *et seq*. while the Bankruptcy was pending to pursue Plaintiff for any *personal* liability.

31. Accordingly, any debt owed to Cash, FinWise, or Rise was discharged.

32. However, Defendants either reported or caused to be reported derogatory, inaccurate, or misleading information after the Bankruptcy.

33. Specifically, Defendants incorrectly continued furnishing or reporting information based on their pre-bankruptcy contract terms with Plaintiff, which were no longer enforceable upon the bankruptcy filing.

34. Cash's, FinWise's, and Rise's conduct described in this Complaint failed to comply with the Consumer Data Industry Association's ("CDIA's") Metro 2 reporting standards ("Metro 2"), which provide guidance for credit reporting and FCRA compliance.

35. The CDIA publishes the Metro 2 reporting standards to assist furnishers (like Defendants) with their compliance requirements under the FCRA.

36. A furnisher's failure to follow industry reporting guidelines may establish materially misleading reporting where (1) the furnisher adopts the standard, (2) the furnisher deviated from the standard, and (3) this "deviation might adversely affect credit decisions—in other words, that entit[ies] would have expected [the defendant furnisher] to report in compliance with the [CRRG] guidelines." *Nissou-Rabban v. Capital One Bank (USA)*, No. 15-cv-1675 JLS (DHB), 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016) (citations and quotations omitted). *See also Wylie v. TransUnion, LLC*, No. 16-cv-102, 2017 WL 835205, at *5-7 (W.D. Pa. Mar. 2, 2017).

37. On information and belief, Cash, FinWise, and Rise adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

38. Despite Metro 2 Format's instructions, Defendants failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts.

39. Thus, the incomplete and inaccurate reporting provided to Plaintiff as described herein departed from the credit industry's own reporting standards and was not only inaccurate and incomplete, but also materially misleading under the CDIA's standards as well.

40. The inaccurate reporting provided to Plaintiff as described herein was not only patently incorrect, but also materially misleading. *See Levine v. JPMorgan Chase & Co.*, 46 F. Supp. 3d 871, 875 (E.D. Wis. 2014).

41. In turn, Clarity re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

42. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

43. A "materially misleading" statement is more than just inaccuracies in reported information. It also includes omissions that cause reported information to be misleading or that create misperceptions about otherwise factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

## DEFENDANTS' FCRA VIOLATIONS

44. In a Clarity credit report dated October 23, 2020, Defendants reported inaccurate information regarding multiple accounts Plaintiff had held prior to the Bankruptcy.

45. Cash inaccurately reported Plaintiff still owed an outstanding balance of $677, of which $464 was past due, even though any debt owed to Cash was discharged in the Bankruptcy. It was therefore inaccurate for to report a balance any greater than $0.

46. FinWise and Rise inaccurately reported Plaintiff still owed an outstanding balance of $3,711, all of which was past due, even though any debt owed to FinWise or Rise was discharged in the Bankruptcy. It was therefore inaccurate for to report a balance any greater than $0.

47. Rise inaccurately reported Plaintiff still owed an outstanding balance of $3,911, all of which was past due, even though any debt owed to Rise was

discharged in the Bankruptcy. It was therefore inaccurate for to report a balance any greater than $0.

48. On or about April 19, 2021, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Defendants' reported information regarding its reported obligation by notifying Clarity, in writing, of the incorrect and inaccurate credit information furnished by Cash, FinWise, and Rise.

49. Specifically, Plaintiff sent a letter, first class US Mail, to Clarity ("Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted. The Dispute Letter included a copy of Plaintiff's petition and schedules in the Bankruptcy, and referenced the discharge she received therein.

50. Upon information and belief, upon receiving the Clarity Dispute Letter, Clarity timely notified Cash, FinWise, and Rise of the disputed information based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

51. Defendants were each required to conduct an investigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

52. On or about May 5, 2022, Plaintiff received notification from Clarity through its "reinvestigation" (Clarity Report No. AY7PM9X2) that Defendants received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

However, all three accounts continued to be reported with current and past due balances as they were prior to Plaintiff's dispute.

53. A reasonable investigation by Defendants would have indicated Plaintiff filed for Chapter 7 bankruptcy and received a discharge, and thus there was no balance owing on any of the accounts which could be collected from Plaintiff.

54. Defendants failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) (as to Cash, FinWise, and Rise) and/or 1681i(a) (as to all Defendants), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

## CASH'S VIOLATIONS OF NRS 604A AND THE FDCPA

55. The debts owed to Cash, FinWise, and Rise were "high-interest loans" as defined by NRS 604A.0703.

56. NRS 604A.5041 provides that:

> If a customer defaults on a high-interest loan, the licensee who operates a high-interest loan service may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

57. As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.

58. As described above, Cash, FinWise, and Rise reported their debts with outstanding and past due balances

59. Upon information and belief, Clarity forwarded the Dispute Letter, including the copy of Plaintiff's petition and schedules from the Bankruptcy, to Cash, FinWise, and Rise.

60. As described above, Cash, FinWise, and Rise failed to correct their reporting of their respective debts, instead continuing to report outstanding and past due balances, thus communicating false credit information and violating the FDCPA as incorporated by NRS 604A.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA) AGAINST ALL DEFENDANTS

61. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

62. Defendants failed to comply with industry standards. Defendants failed to comply with Metro 2 and reported inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

63. Not only was Defendants' reporting inaccurate and a departure from the credit industry's own reporting standards, Defendants' reporting was also materially misleading under the CDIA's standards as well.

64. A "materially misleading" statement is concerned with more than just an inaccurate statement. It also includes omissions to credit entries, which in context create misperceptions about otherwise factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

65. Defendants failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and/or 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

66. Defendants failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

67. Defendants re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Defendants still reported a balance on a debt discharged in Bankruptcy.

68. Upon receipt of Plaintiff's dispute, Defendants failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a).

69. Due to Defendants' failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C) and/or 1681e(b).

70. Plaintiff's Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, Plaintiff requested Clarity include a statement on Plaintiff's credit report stating the account was disputed in the event Clarity failed to make the requested corrections identified in the Dispute Letter.

71. Upon information and belief, Clarity failed in Plaintiff's subsequent consumer reports containing the above disputed information to clearly note the account was disputed by Plaintiff and provide either Plaintiff's dispute statement or a clear and accurate codification or summary of the dispute in violation of Clarity's statutory obligations under 15 U.S.C. § 1681i(c).

72. Reporting and re-reporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

73. Despite Plaintiff's efforts to correct Defendants' erroneous and negative reporting in writing, Defendants neglected, refused, or failed to do so.

74. Defendants' continued inaccurate and negative reporting of the Debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

75. Also as a result of Defendants' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

76. Additionally, Plaintiff has suffered concrete and imminent harm to her creditworthiness. Plaintiff's Clarity report showed numerous third parties had procured his credit information in the period prior and subsequent to the reinvestigations. Moreover, prospective creditors who wished to make a firm offer of credit or insurance to Plaintiff may have excluded him from lists of consumers who received such offers, or else would have factored the inaccurate and confusing information into the terms of any firm offer they decided to extend to Plaintiff. Thus, the inclusion of derogatory information presents an imminent, material risk of harm Plaintiff's creditworthiness has been, and continues to be, damaged by Defendants' reporting false, inaccurate, and misleading credit information.

77. By inaccurately reporting account information relating to the Debt after notice and confirmation of their errors, Defendants failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and/or (E), 1681i(a) and 1681e(b).

78. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

79. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

80. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *ET SEQ*. (FDCPA) AS INCORPORATED BY NRS 604A
### AGAINST CASH, FINWISE, AND RISE

81. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

82. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of

NRS 604A.5041.

83. Cash's, FinWise's, and Rise's conduct violated 15 U.S.C. § 1692e in that Cash, FinWise, and Rise engaged in false, deceptive, or misleading behavior in connection with the collection of debts.

84. Cash's, FinWise's, and Rise's conduct violated 15 U.S.C. § 1692e(8) in that Cash, FinWise, and Rise communicated or threatened to communicate false credit information, including the failure to communicate their debts were "disputed", in an attempt to collect debts.

85. Cash's, FinWise's, and Rise's conduct violated 15 U.S.C. § 1692e(10) in that Cash, FinWise, and Rise employed various false representations and deceptive means to collect debts.

86. The foregoing acts and omissions of Cash, FinWise, and Rise constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

87. Plaintiff is entitled to damages as a result of Cash's, FinWise's, and Rise's violations.

88. Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA) AS TO ALL DEFENDANTS**

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 ET SEQ. (FDCPA) AS INCORPORATED BY NRS 604A**
**AS TO CASH, FINWISE, AND RISE**

- actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

- statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- punitive damages; and

- any other and further relief the Court may deem just and proper.

### **TRIAL BY JURY**

89. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 28, 2022

Respectfully submitted,

By   /s/ David Krieger, Esq.
David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com